## Howard v. Howard.

(Decided February 24, 1914.)

### Appeal from Clay Circuit Court.

Deeds—Mistake — Correction of — Sufficiency of Evidence.— Where it is sought to reform a deed investing infants with an interest in land upon the ground that the insertion of their names was a mistake in the execution of the deed, the deed

will not be reformed unless the evidence of mistake is clear and convincing.

A. D. HALL for appellant.

DAVID Y. LYTTLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by the appellants, Joseph Howard and Phoebe Jane Howard, his wife, against the appellees, their infant children, to have a deed made by Joseph Howard in 1908 to his wife and children so reformed as to convey the estate described in the deed to the wife alone.

It appears that in 1908 Joseph Howard and his wife had separated and divorce proceedings between them were pending, and that while this condition existed the deed here in question was made. This deed reads:

"This deed of conveyance made and entered into this the 23rd of October, 1908, between Joseph Howard, of the first part, and Phoebe Howard, Sarah Howard, Fannie Howard, Chester Howard and Pearl Howard, of the second part: witnesseth, That said party of the first part, for and in consideration of the sum of five dollars, in hand paid, does hereby convey to the party of the second part, ———— heirs and assigns, the following described property, to-wit: * * * It is agreed between Joseph Howard, of the first part, and Phoebe Howard, of the second part: I, Phoebe Howard, party of the second part, do agree for Joseph Howard, party of the first part, to have a divorce from me. It is further agreed that Phoebe Howard will not bother the said Joseph Howard in no shape hereafter. It is further agreed that said Joseph Howard agrees to give Phoebe Howard $25.00 a year for the support of his children."

The circumstances under which this deed was made, aside from the express language used, plainly disclose an intention on the part of Joseph Howard to make provision not only for his wife but for their children, and it is entirely fair to infer that the wife was only made a grantee in the deed in consideration of the fact that she had agreed that he might have a divorce in the pending suit. This deed was put to record in due time and invested the children with an interest in the land described

in the deed, and this interest they are not to be divested of in the absence of convincing evidence that a mistake was made in the execution of the deed by inserting their names as grantees. The deed is a written memorial of the purpose and intention of Joseph and Phoebe Howard. Evidently both of them knew that the children were named as grantees in the deed and took by virtue of it an estate in the land, and the circumstance that since its execution they have reconciled their differences and are now living together as husband and wife, does not alter the rule that an instrument of this character will not be reformed so as to divest infant grantees of their title unless it clearly appears that there was in fact a mistake made in the execution of the paper.

We do not think the evidence is sufficient to warrant us in saying that a mistake was made in drafting this deed. The only competent witness introduced to show a mistake is Israel Howard, the father of Joseph Howard. He testifies that he was present when the deed, which was written by Charles W. Sevier, was executed, and that "my son, Joseph, wanted to make the deed to his wife in a compromise of a divorce suit which was then pending in the Clay Circuit Court, in which Joseph was plaintiff and Phoebe was the defendant, and in which I understood defendant had the lands of plaintiff attached, which are the same lands mentioned in the deed. Phoebe was taking a divorce, as I understood it, and sent after Charles Sevier to draw up the deed for her. None of us felt able to draw a deed, in fact knew nothing about said business at all, and when Sevier got there he undertook to write it, but did not understand anything more about it than the rest of us. So I pitched in to dictating or telling him how I thought it ought to be drawn. Joseph was not present, as I remember, and Phoebe was having it done, but she did not ask me to help Sevier, and I did not mean to do or have anything done wrong in the matter. I never knew, and do not suppose, and in fact know that none of us knew anything about the children being parties to the deed, or that they had any interest by reason of the deed until last Fall when we were about selling out. * * * The plaintiff, Joseph Howard, the grantor in said deed, intended to convey said lands to his wife, and she thought she was getting such a deed."

This evidence is entirely insufficient to show any mistake in the execution of this deed, and the judgment of the lower court so finding is affirmed.